United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51244
Summary Calendar

_____

ROBERT L POWELL; ET AL

                    Plaintiffs

ROBERT L POWELL; ROBERT C CHILDS;
WILLIS E PICKETT; TRACY ROWELL; RONALD FOLEY

                    Plaintiffs - Appellants

        v

NORTHWESTERN RESOURCES CO

                    Defendant - Appellee

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-13
- - - - - - - - - -

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Robert L. Powell, Robert C. Childs, Willis E. Pickett,

Tracy Rowell, and Ronald Foley (collectively, the Plaintiffs)

appeal from the district court's grant of partial summary

judgment for Northwestern Resources Co. (NRC) relating to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiffs' Fair Labor Standards Act (FLSA) claim for overtime compensation for certain pre-shift and post-shift activities.[**] The Plaintiffs' unopposed motion to correct a minor error in their reply brief is GRANTED.

The Plaintiffs assert that, among other things, the tasks of signing in at NRC's "ready room," receiving daily work assignments, conducting pre- and post-shift inspections of the company's transport vehicles, and travel time to and from their respective job sites, constituted integral components of their principal work activities from which NRC benefitted and for which the Plaintiffs were entitled to be paid.

We have reviewed the record and hold that the pre- and post-shift activities cited by the Plaintiffs were neither performed in the ordinary course of business nor for the benefit of NRC. See Vega v. Gaspar, 36 F.3d 417, 424-25 (5th Cir. 1994). Similarly, as determined by the district court, the Plaintiffs offer insufficient summary judgment proof of a contract or the existence of a custom or practice at NRC that compensated for travel time to a designated excavation site. See 29 U.S.C. § 254(b). Accordingly, because the Plaintiffs fail to identify specific evidence demonstrating the existence of a genuine issue for trial, the judgment of the district court is AFFIRMED. See

---

[**] On stipulation of the parties, the Plaintiffs' remaining claim regarding nonpayment of a night-shift premium was withdrawn and dismissed.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson

v. Liberty Lobby, 477 U.S. 242, 250 (1986).

AFFIRMED; MOTION GRANTED.